*258 OPINION of the Court, by
Judge Log ast.
The aPPe^ce declared in covenant against the appellant upon articles entered into on the 6th of November 1811 ; by which the appellee in substance covenanted to bring for the appellant to the’state of Kentucky live negroes, under the direction of Thomas Montjoy ; to rent a plantation, jf to be had, put in a crop the ensuing spring, and in cverv respect to perform the duty of an overseer. And the appellant on his part covenanted that then he would furnish the appellee with more hands, plantation uten-sils, pork, corn, &c. and give him a full share of the i*i • ¶ « » » crop which mad*
On an adion on the covenant by R, an averment of a fpe. cial demand, not required.
The objection for want of notice cured by pleading to the a£iion«
The usual averments of performance by the plaintiff of the several stipulations on his part, together with the proper assignment of breaches against the defendant, are substantially set forth in the declaration.
To this action the defendant plead covenants performed ; and upon issue thereon, a verdict was rendered for the plaintiff; .whereupon the defendant moved an arrest of judgment for the following causes: 1st, That the covenant declared on is collateral, and not direct; there being no time fixed for the performance of the duties stipulated ; and a special demand ought to he laid in the declaration. 2d, That there is no such demand alleged.
The motion in arrest of judgment was overruled, and judgment rendered for the plaintiff; from which this appeal is prosecuted, and the same points presented for the determination of this court by the assignment of errors, which question — 1st, the sufficiency of the declation — 2d, the assignment of the breaches of the covenant declared on — 3d, the opinion of the court in overruling the motion in arrest of judgment.
The several errors assigned involve the single inquiry, whether it was necessary to lay and prove a special demand in the present action ? for it has already been observed, that the contract as made is substantially set forth in the declaration, and the breaches aptly and sufficiently assigned.
There is nothing peculiar in this contract, which required extraneous averments, not necessarily composing a part of the stipulations of the parties. The covenant was simply to do the things in the articles specified, and as such has been correctly set forth. It is true there are cases in which notice, from the nature of the contract, and the right to a recovery, ought to be specially averred in the declaration. But we are inclined to think this is not a case of that character ; and if it were, the objection comes too late after pleading over, and a.verdict rendered ; for the want of an averment of notice maybe helped by pleading to the action.
The judgment of the court below must, therefore, be affirmed with costs and damages.